LOUIS M. BUBALA III
Nevada Bar No. 8974
KAEMPFER CROWELL
50 W. Liberty St., Ste. 1100
Reno, Nevada 89501
Telephone: (775) 852-3900
Facsimile: (775) 327-2011
E-Mail: lbubala@kcnvlaw.com

JEFF C. GARRETT
Nevada Bar No. 15917
KAEMPFER CROWELL
1980 Festival Plaza Dr., Ste. 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
E-Mail: jgarrett@kcnvlaw.com

*Attorneys for Tabuk, LLC*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | Case No.: BK-26-10301-mkn |
| CHONA PLASOS ASCASIBAR, | Chapter 13 |
| Debtor, | **AMENDED OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** |
| | DATE: 03/12/2026<br>TIME: 01:30 pm |

Tabuk, LLC ("Creditor"), by and through its counsel of record, Louis M. Bubala III and Jeffrey C. Garrett of Kaempfer Crowell, hereby submit this Amended Objection to Confirmation of Chapter 13 Plan, to correct a typographical error in the Case Number of the Caption, as requested by the Clerk of this Court [Doc 23].

Creditor, as a secured creditor of Chona Plasos Ascasibar ("Debtor"), objects to confirmation of the Chapter 13 Plan filed by the Debtor on or about February 2, 2026, ECF No.

///

KAEMPFER
CROWELL

16 ("Plan").  The Plan is not confirmable, not feasible, does not meet the best interest of the creditors test, and has not been proposed in good faith.

## BACKGROUND

Creditor holds debts secured by four Deeds of Trust against Debtor's properties.  The first Deed of Trust is for a note secured by Debtor's primary residence on Puerta Del Sol.  Creditor and Debtor entered into a Note on the Puerta Del Sol property and subsequently amended it to provide for monthly interest payments.  The Notice of Extension was filed with the Clark County Recorder.

The second, third, and fourth Deeds of Trust are for notes secured by Debtor's rental property on Lord Crewe Street.  The second Deed of Trust secured a promissory note in the amount of $30,000 with interest and is recorded with the Clark County Recorder.  The third Deed of Trust was for $15,000 Debtor pursuant to a Note, secured by the rental property and recorded with the Clark County Recorder.  The fourth Deed of Trust secured a promissory note in the amount of $55,000 with interest and filed with the Clark County Recorder.  The amount owed under all four Deeds of Trust will be calculated and finalized in Proof of Claims to be filed.

Debtor's Plan is not a plan, singular, but involves two plans filed in the same docket entry. There is no indication there, or in any other filing, of Debtor's intent to pursue confirmation of one or the other.  Secured claims are not fully provided for in either Plan and the Plans fail to meet the best interests of the creditors test.  The apparent liquidation value, not included in the first proposed plan but included in the second proposed plan, is over $116,000 and there is no provision to pay that amount to creditors.  Because of the significant errors and faults with the plan, on the totality of the circumstances this plan was not proposed in good faith.

## OBJECTION TO CONFIRMATION

Debtor fails to meet the requirements for a proposed plan or the confirmation of a proposed plan.  11 U.S.C. §§ 1322(a), 1325.

KAEMPFER

CROWELL

## ARGUMENT

### 1. The Plan Was Not Filed in Good Faith

The Debtor's Plan is not proposed in good faith as required by 11 U.S.C. § 1325(a)(3). It does not comply with the obligation to file a single plan. Debtor filed two separate plans on a single docket entry, with different terms, and no clarification from debtor on what she seeks to confirm. She has not provided any clarification of which plan seeks to confirm. It is impossible for creditors or the court to know what exactly she wants to confirm. The first provides for payments of $500 a month to the trustee but fails to identify the liquidation analysis required in paragraph 2.4. The second part of the Plan, which appears to be a second plan attached to the first, identifies the liquidation value to exceed $116,000 but does not provide for either payment of all claim in full or the full liquidation value. The second Plan also identifies that the monthly payments to the trustee are zero. At best, the filing is confusing and it's not clear which Plan is up for confirmation, and at worst, the Plan is not filed in good faith.

The Debtor's Plan is predicated on disposable income which the Debtor's Schedules I and J reveal does not exist. The Debtor's sworn Schedules show that Debtor lacks any disposable income, something that Debtor knew existed before the Plan was filed. Further confusion exists because of the terms of the Plan or plans.

### 2. The Plan is Not Feasible

Debtors are required to be able to make all of the payments under the plan pursuant to 11 U.S.C. § 1325(a)(6). In the second plan, the Debtor has represented that the liquidation value of their estate is over $116,000. Dkt. No. 16 at 7. As Debtor outlines in Schedule J, their combined income from Schedule I is $6,707.03, and their monthly expenses from Schedule J is $7,906.00. Dkt. No. 15 at 34, Debtor's Schedules and Statement of Financial Affairs. That leaves a net monthly income of -$1,198.97. Id. Debtor has filed a Chapter 13 Statement of Current Monthly

Income, but has not included those figures in Schedule I. Dkt. No. 14.  Accordingly, the Plan is not capable of being completed because the Debtor does not have the disposable income to pay the liquidation value, provide that all creditors will be paid in full, or detail the source of other contributions to make the payments

### 3. The Plan Does Not Pass the Best Interest of Creditors Test

Debtors are required to pay each unsecured creditor, through the Plan, at least what the creditor would receive if the case was filed under Chapter 7.  The Debtor identifies in the first iteration of the Plan that the liquidation value is zero.  The second plan identifies that the liquidation value exceeds $116,000 but fails to identify the assets.  Therefore, it is impossible to assess whether these figures are accurate.

*Secured Claim in Debtor's Residence - 1001 Puerta Del Sol Dr, Las Vegas, NV*

Creditor objects to the Plan as it fails to satisfy the full value requirement of 11 U.S.C. § 1325(a)(5)(B)(ii), which requires a full cure of a secured creditors arrears.  While Debtor proposes in the Plan to a sale of the primary residence it does not say when the sale will occur or that Creditor's claim will be paid in full upon sale of the primary residence.  Unless Creditor's secured claim on the debtor's primary residence is paid in full upon sale, the Plan seeks to impermissibly modify the terms of Creditor's secured claim on the primary residence, violating 11 U.S.C. § 1322(b)(2).  There is also no provision to pay the Creditor's pre-petition arrearages, any payments after the Plan is confirmed, and fails to provide adequate protection.

*Secured Claim in Rental Property - 829 Lord Crewe St. Las Vegas, NV 89138*

///

///

///

///

KAEMPFER
CROWELL

Creditor holds three notes and Deeds of Trust on the rental property listed above. The Plan fails to make any provision for payment to creditor on these notes during the plan and fails to state that Creditor retains its liens.

Dated: February 27, 2025

KAEMPFER CROWELL

By: _____
Louis M. Bubala III
Jeff C. Garrett

*Attorneys for Tabuk, LLC*